IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CYTOLOGIX CORPORATION,
a Massachusetts corporation,

Plaintiff,

v.

VENTANA MEDICAL SYSTEMS, Inc.,
a Delaware corporation

Defendant.

Civil Action No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint, the plaintiff, CytoLogix Corporation ("CytoLogix"), alleges as follows:

### The Parties

1. The plaintiff, CytoLogix, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts.

2. The defendant, Ventana Medical Systems, Inc. ("Ventana"), is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1910 Innovation Park Drive, Tucson, Arizona 85755.

### Jurisdiction and Venue

3. This is an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Ventana is subject to personal jurisdiction in this District pursuant to Mass. Gen. L. ch. 223A, §§ 3(a), 3(d).

1

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## Background

**Article III Standing**

7. CytoLogix and Ventana have been involved in numerous patent litigation disputes in this District and elsewhere concerning CytoLogix' patented slide staining technology, some of which is described below.

8. On April 15, 2004, CytoLogix filed one of its patent infringement actions against Ventana in which it alleged that the Benchmark XT and Benchmark LT instruments infringe its U.S. Pat. No. 6,541,261 B1 ("the '261 patent").

9. In July of 2004, the parties stipulated to transferring the action to this District (Civil Action No. 04-17783 and hereinafter referred to as "the '04 litigation").

10. On February 13, 2006, the complaint in the '04 litigation was amended to include an allegation of infringement of CytoLogix' U.S. Patent No. 6,783,733.

11. On February 13, 2007, Ventana moved to dismiss the complaint in the '04 litigation for lack of jurisdiction.

12. On October 17, 2007, the Court granted Ventana's motion to dismiss for lack of jurisdiction, and dismissed CytoLogix' complaint finding that CytoLogix had transferred too many rights in its patents to a third party, Dako Denmark A/S ("Dako").

13. On December 21, 2007, Dako transferred all right, title and interest it had in CytoLogix's patents - including without limitation the right to sue and collect past damages - back to CytoLogix.

14. Concurrently, CytoLogix granted Dako a nonexclusive license to CytoLogix's patents.

15. CytoLogix is the sole party with the power to license Ventana or any other party.

16. CytoLogix alone controls the prosecution of its patents.

17. CytoLogix has unfettered rights to practice its patents.

18. CytoLogix is the sole party with standing to assert this action – or any action concerning CytoLogix's patents against Ventana or any other party.

**Prior Litigation and Asserted Patents**

19. In 2001, CytoLogix first sued Ventana for patent infringement in this Court. (Civil Action No. 01-10178-RWZ, hereinafter referred to as "the '01 litigation").

20. On December 22, 2003, a jury found the Ventana Discovery/Benchmark instrument infringed CytoLogix' U.S. Patent Nos. 6,180,061 and 6,183,693 ("the '061 patent" and "the '693 patent"). (Dkt. No. 275 in the '01 litigation)

21. Earlier this year, a subsequent jury awarded substantial damages to CytoLogix. (Dkt. No. 608 in the '01 litigation)

22. In a purported effort to design around the CytoLogix' patents, Ventana released two new instruments entitled the Benchmark XT and Benchmark LT, which Ventana is currently making, using, selling and offering to sell.

23. In 2004, CytoLogix brought the '04 litigation (described in paragraphs 8-10 above) against the Benchmark XT and Benchmark LT instruments.

24. A key contested issue in the '04 litigation was whether use of the Benchmark XT and Benchmark LT instruments involves "moving [a] platform and a liquid dispenser relative to each other." ('261 Patent, Claim 1).

25. During a combined Markman and claim construction hearing in the '04 litigation, counsel for Ventana argued that there is a distinction between the phrases "moving [a] platform and a liquid dispenser relative to each other" and "relative movement."

26. Ventana's counsel also admitted on behalf of Ventana that if the '261 patent had claimed relative movement, we "wouldn't be debating anything" and "*we would be an infringer.*" (Dkt. No. 63, pg. 48, emphasis added)

27. Following Ventana's admission, CytoLogix sought new patent claims in a related application that specifically claim relative motion.

28. During prosecution of that application, CytoLogix explained:

3

"[Relative movement between the reagent dispenser and the microscope slide" could result from either the reagent dispenser or the microscope slide, or both, moving the relative to the instrument base. Movement of either as the other remains stationary relative to the instrument base causes relative movement between the reagent dispenser and the microscope slide.

29. On May 15, 2007, CytoLogix' U.S. Patent No 7,217,392 entitled, "Random Access Slide Stainer with Independent Slide Heating Regulation" ("the '392 patent") issued.

30. The '392 patent recites, *inter alia*, "relative motion between the reagent dispenser and microscope slide." ('392 Patent, Claim 1).

31. The Benchmark XT and LT instruments each employ relative motion between a reagent dispenser and microscope slides.

32. The Benchmark XT and LT instruments also have moving platforms.

33. The Benchmark XT and LT instruments contain all limitations of at least one claim of the '061 patent from the '01 litigation, the '261 and '733 patents from the '04 litigation and the more recently issued '392 patent.

## Count I

34. CytoLogix is the owner by assignment of the '392 patent. The '392 patent was duly and legally issued by the United States Patent and Trademark Office on May 15, 2007. A copy of the '392 patent is attached to this Complaint as Exhibit A.

35. Upon information and belief, Ventana has infringed at least claim 1 of the '392 patent by making, using, offer to sell and/or selling its Benchmark XT and Benchmark LT instruments. The infringement will continue unless enjoined by this Court.

36. Upon information and belief, infringement of the '392 patent has been and continues to be willful.

37. CytoLogix has been damaged by Ventana's infringement of the '392 patent.

## Count II

38. CytoLogix is the owner by assignment of the '061 patent. The '061 patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2001. A copy of the '061 patent is attached to this Complaint as Exhibit B.

39. Upon information and belief, Ventana has infringed at least claim 1 of the '061 patent by making, using, offer to sell and/or selling its Benchmark XT and Benchmark LT instruments. The infringement will continue unless enjoined by this Court.

40. Upon information and belief, infringement of the '061 patent has been and continues to be willful.

41. CytoLogix has been damaged by Ventana's infringement of the '061 patent.

## Count III

42. CytoLogix is the owner by assignment of the '261 patent. The '261 patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003. A copy of the '261 patent is attached to this Complaint as Exhibit C.

43. Upon information and belief, Ventana has infringed at least claim 1 of the '261 patent patent by making, using, offer to sell and/or selling its Benchmark XT and Benchmark LT instruments. The infringement will continue unless enjoined by this Court.

44. Upon information and belief, infringement of the '261 patent has been and continues to be willful.

## Count IV

45. CytoLogix is the owner by assignment of the '733 patent. The '733 patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2001. A copy of the '733 patent is attached to this Complaint as Exhibit D.

46. Upon information and belief, Ventana has infringed at least claim 1 of the '733 patent by making, using, offer to sell and/or selling its Benchmark XT and Benchmark LT instruments. The infringement will continue unless enjoined by this Court.

47. Upon information and belief, infringement of the '733 patent has been and continues to be willful.

WHEREFORE, CytoLogix prays that this Court:

A. Enter judgment that Ventana has infringed the '392 patent, the '061 patent, the '261 patent and '733 patent;

B. Enter an order enjoining Ventana, its agents and employees, and any others acting in concert with it from infringing the '392 patent, the '061 patent, the '261 patent and '733 patent;

C. Award CytoLogix its damages resulting from Ventana's patent infringement pursuant to 35 U.S.C. §284;

D. Find that Ventana's infringement has been willful and increase the damages awarded to CytoLogix three times the amount assessed, pursuant to 35 U.S.C. §284;

E. Find this to be an exceptional case and award CytoLogix its attorney's fees, pursuant to 35 U.S.C. §285;

F. Award CytoLogix its prejudgment and post judgment interest on its damages;

G. Award CytoLogix its costs; and

H. Award CytoLogix such other and further relief as it deems just and appropriate.

**Plaintiff demands a trial by jury.**

Dated: December 26, 2007

/s/ Michael E. Zeliger
Michael E. Zeliger (BBO # 633654)
David A. Simons (BBO # 638740)
Jackson Ho (BBO # 663413)
**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100 Telephone
(617) 261-3175 Facsimile

*Attorneys for Plaintiff
CytoLogix Corporation*